Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
Gilbert R. Yabes (SBN 267388)
gyabes@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for
Wells Fargo Bank, N.A

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>PHEDRIA FORTE,<br><br>Debtor. | Case No. 2:19-bk-15882-SK<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE:  August 2, 2019<br>TIME:  11:00 AM<br>PLACE:  RM 1, 915 Wilshire Blvd., 10th Floor<br>  Los Angeles, CA 90017<br>CONFIRMATION HEARING:<br>DATE:  August 29, 2019<br>TIME:  10:00 AM<br>CTRM:  1575 |

Wells Fargo Bank, N.A[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Phedria Forte (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 4, the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing. Furthermore, this Objection is not being filed to enforce Debtor's

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

personal liability but to clarify Debtor's intention regarding Creditor's claim and preserve Creditor's lien rights.

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to clarify the treatment of Creditor's claim which is not listed in the Plan. To the extent Debtor intends to cure pre-petition arrears through the Plan, the Creditor's claim renders the Plan infeasible. However, the Plan gives no indication that Debtor intends to surrender the Property. The undersigned counsel for Creditor has contacted Debtor's counsel to clarify Debtor's intention regarding the Property but was advised that Debtor's counsel has been unable to confirm Debtor's intention regarding the property securing Creditor's claim. Based on the foregoing, Creditor hereby submits this objection to Debtor's Plan to clarify its treatment therein and preserve its rights with respect to its security interest.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor and dated July 9, 2007, in the original principal sum of $252,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 4 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 873 W Raymond St Unit 24, Compton, CA 90220-4459 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 4 as filed in the instant bankruptcy case and incorporated herein by reference

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 4.

4. On or about December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia"). A copy of the Office

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

of Thrift and Supervision's approval letter evidencing the name change is attached to the Claim No. 4 filed on the CCR in Debtor's case.

5. On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW"). On the same date, WFBSW merged with and into Wells Fargo Bank, National Association. A copy of the Official Certification of the Comptroller of the Currency evidencing the conversion and merger is attached to Claim No. 4 filed on the CCR in Debtor's case.

6. Subsequently, Debtor entered into a Home Affordable Modification Agreement with Wachovia Mortgage, a division of Wells Fargo Bank, N.A.. A copy of the Home Affordable Modification Agreement is attached to Claim No. 4 filed on the CCR in Debtor's case.

7. On May 20, 2019, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and was assigned case number 2:19-bk-15882-SK.

8. On June 3, 2019, Debtor filed Schedules I and J reflecting monthly disposable income in the amount of $656.12. (See Docket No. 12).

9. On July 16, 2019, Creditor filed its proof of claim regarding the Subject Property which reflected a total secured claim in the amount of $186,822.35 and a pre-petition arrearage claim in the amount of $30,667.16. (See Docket No. 4).

10. On July 22, 2019 the Debtor filed her Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $710.00, for 36 months. However, the Plan fails to provide for Creditor's claim or otherwise clarify Debtor's intention regarding the Property. (See Docket No. 18).

11. Prior to filing this Objection, Creditor's undersigned counsel contacted Debtor's counsel to obtain clarification regarding the treatment of Creditor's claim and the Property and was advised that Debtor's counsel has been unable to obtain a response from the Debtor regarding his intention with respect to the Property and Creditor's claim. Based on the foregoing, Creditor's counsel advised it would file the Objection in order to clarify the treatment of its claim but would continue communicating with Debtor's counsel up through the date of the confirmation hearing to

determine if a resolution could be reached via an Amended Plan.

## 3) ARGUMENT

### A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### 1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

As previously discussed, the pre-petition arrears on Creditor's secured claim are in the amount of $30,667.16 should Debtor intend to cure them through the Plan. However, the Debtor's Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed. Accordingly, to the extent Debtor intends to retain the Property and cure the pre-petition arrears, Creditor requests that the Plan be amended to reflect the same.

/././

## 2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.

11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible.

Debtor's Schedule J indicates that the Debtor has disposable income of $656.12 per month. However, the Debtor proposes to apply $710.00 per month to her Chapter 13 Plan. As the Debtor's Plan payment exceeds her monthly disposable income, the Debtor lacks sufficient monthly disposable income with which to fund the Plan. Furthermore, to the extent Debtor intends to cure the pre-petition arrears owing to Creditor through the Plan, it would require Debtor to increase the Plan payment by at least an additional $851.87 per month. Accordingly, Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

## 3. Debtor's Chapter 13 Plan Should Not Be Confirmed Because It Fails to Provide for Ongoing Post-Petition Payments.

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures January 1, 2038, which is after the term of the Debtor's Plan. As such, to the extent Debtor intends to retain the Property, it will be necessary to make ongoing post-petition payments to Creditor. As the Debtor's Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied; or

ii) Alternatively, in the event Debtor intends to retain the Property and cure the pre-petition arrears, that the Plan be amended to provide for the cure of the pre-petition arrears listed in Creditor's proof of claim over a period not to exceed thirty-six (36) months and file amended schedules I and J to support the feasibility of the amended plan payments; or

iii) Alternatively, to the extent that Debtor does not wish to retain the Property, that the Plan be amended to reflect Debtor's intention to surrender the Property and grant Creditor relief from the automatic stay regarding the Property; and

iv) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 2, 2019

ALDRIDGE PITE, LLP

/s/Joseph Delmotte

By: _____
JOSEPH C. DELMOTTE (SBN 259460)
Attorneys for Wells Fargo Bank, N.A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 2, 2019    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Debtor's Attorney:** Peter L Nisson  peternisson@gmail.com
**Chapter 13 Trustee:** Kathy A Dockery (TR)  EFiling@LATrustee.com
**U.S. Trustee:** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 2, 2019    I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Phedria Forte
873 W. Raymond Street
#24
Compton, CA 90220

**Presiding Judge:**
Honorable Sandra R. Klein
Central District of California - Los Angeles Division
U.S. Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Room 1582
Los Angeles, CA  90012-3300

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2019 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**